# In the United States Court of Federal Claims

**No. 26-519C**
**Filed: July 31, 2026**

* * * * * * * * * * * * * *
**SIMEON SAVAGE,** *
*
**Plaintiff,** *
*
**v.** *
*
**UNITED STATES,** *
*
**Defendant.** *
*
* * * * * * * * * * * * * * *

**Simeon Savage**, pro se, Markham, IL.

**Stephanie A. Fleming**, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant. With her were **William J. Grimaldi**, Assistant Director, Commercial Litigation Branch, **Patricia M. McCarthy**, Director, Commercial Litigation Branch, and **Brett A. Shumate**, Assistant Attorney General, United States Department of Justice, Washington, DC.

## O R D E R

**HORN, J.**

Pro se plaintiff Simeon Savage filed a complaint against the United States in the United States Court of Federal Claims, which is handwritten and sometimes difficult to read.[1] Plaintiff seeks an end to an allegedly unconsented to "protective custody" and also compensation for allegedly lost funds.

In his April 6, 2026 complaint, plaintiff states:

> Traded for drugs around 3 yrs old, I have been placed into a bogus protective custody, to anyone in the thought of me I should be dead. but I learn through music, science, and charity I could be important to other people, I have worked in the community for over 20 years proactively. and would like to keep going, just one problem, your agency has taken, what I have worked very hard for, and made me a spectacle among men, by making homeless, and stating I was insane and not capable of working that

[1] Choice of words, capitalization, grammar, punctuation, abbreviations, spelling, and emphasis when quoted in this Order are as they originally appear in plaintiff's submissions to this court.

> hard. For whatever it was worth, I helped many of people along this journey of 26 years helping out my community, and to state that my retirement account with Fidelity Investments was taken, not only hurts, but brought me to scrutiny in my own home. I was judge, and put outside in nothing, on the same street I helped; and to think a govt this powerful would help by gaslighting you and throwing in mental facilities over and over again and I haven't done anything wrong. I'm asking the court to be in my favor, because I have helped and not harmed.

(footnote added). Plaintiff seeks an end to "the bogus protective custody" and compensation "for all my lost wages." On the Civil Cover Sheet attached as an exhibit to his complaint, plaintiff lists the "Nature of Suit Code" as "516," the number which correlates to "Miscellaneous – Damages," and plaintiff lists $783,050,000.00 under "Amount Claimed."

On June 9, 2026, defendant filed a motion to dismiss plaintiff's complaint pursuant to Rule 12(b)(1) (2025) of the Rules of the United States Court of Federal Claims (RCFC), for lack of subject matter jurisdiction. Defendant argues that plaintiff has failed to meet the burden of "proving by preponderant evidence that the Court possesses jurisdiction to entertain his claims." Defendant also argues that plaintiff "failed to identify any statute or other basis for subject matter jurisdiction for damages in this matter," and indicates that while plaintiff "directs his complaint towards the Department of the Treasury, he does not allege any acts by that Department that provide a basis for his claim."[2] Defendant further argues that plaintiff's complaint alleges "that he was committed to mental institutions at various times over the past 45 years of his life, presumably involuntarily, by persons unknown. This is insufficient to allege subject matter jurisdiction and should be dismissed on that basis." Moreover, defendant argues that plaintiff "appears to be seeking injunctive relief of some kind to prevent future commitment, which, if untethered to a valid claim for damages, is beyond the jurisdiction of this Court."

On July 7, 2026, plaintiff submitted a Response to the Clerk's Office of the United States Court of Federal Claims.[3] In his response, plaintiff states: "I'm writing this letter, based on the Tucker Act, that my case would fall under the jurisdiction and I would like to proceed with the case. To establish jurisdiction, you must satisfy three key criteria."

---

[2] On the Civil Cover Sheet attached to his complaint, plaintiff lists "TRE" as the Agency Code, which correlates to the Department of the Treasury, indicating that plaintiff may be indicating his allegations derive from actions involving the United States Department of the Treasury.

[3] The Clerk's Office did not initially file plaintiff's July 7, 2026 submission because the submission did not comply with the court's Rules. Specifically, the submission did not comply with RCFC 11 (2025) because the submission was not signed. Additionally, the submission did not comply with RCFC 5.5 (2025) because the submission was not dated. The submission was additionally not in compliance with the type size and spacing requirements of the court's Rules. Despite the forgoing errors, on July 8, 2026, the court issued an Order instructing the Clerk's Office to file plaintiff's pro se submission and title the submission as a Response to defendant's Motion to Dismiss based on its contents.

Plaintiff further states (1) "**The U.S. Government is the Only Defendant**;" (2) "**The Relief Sought Must Be Monetary**;" and (3) "**Point to a 'Money-Mandating' Source of Law**" such as "**A Contract with the United States:** (Express or implied) governed by the Tucker Act or the Contract Disputes Act;" "**The U.S. Constitution:** (e.g., a 'Takings' claim under the Fifth Amendment where the government took your property);" or "**A Specific Act of Congress or Federal Regulation:** You must identify a specific statute (like the Military Pay Act) that can be *fairly interpreted as mandating compensation* by the federal government for the damages sustained." Plaintiff cites various internet sources when trying to explain how he meets these three criteria, such as a pdf of "A Guide for Self-Representation" available on the website for the United States Court of Federal Claims, several blog posts from a law firm's website, and a webpage from a law school. In his submission, however, plaintiff does not connect the jurisdictional criteria he identifies to the particular facts of his case, nor does plaintiff sufficiently respond to the arguments set forth in defendant's motion to dismiss.

On July 17, 2026, defendant filed a reply in support of its June 9, 2026 motion to dismiss. In its reply, defendant argues plaintiff's July 7, 2026 Response "decline[s] to remedy any of the deficiencies in his complaint" and "provides what appears to be excerpts from information available from Government websites about <u>possible</u> legal bases for subject matter jurisdiction." (alteration added, emphasis in original, citation omitted). Defendant argues: "Merely repeating online guidance about what the law may require does nothing to remedy Mr. Savage's failure to allege the factual basis for jurisdiction over his claims." Defendant accordingly argues plaintiff "has failed to sufficiently allege subject matter jurisdiction" and again asks the court to dismiss plaintiff's complaint.

On the same day plaintiff filed his complaint, plaintiff filed an incomplete Application to Proceed <u>In</u> <u>Forma</u> <u>Pauperis</u>. Specifically, plaintiff did not answer question 2b, instructing plaintiff to state the date of his last employment and monthly wages earned, or the second part of question 3 in the Application, instructing plaintiff to identify the source(s) and amount of money he had received in the past year. On April 14, 2026, the court issued an Order instructing plaintiff to pay the required filing fee or submit a completed application to proceed <u>in</u> <u>forma</u> <u>pauperis</u>. Plaintiff then filed an amended Application to Proceed <u>In</u> <u>Forma</u> <u>Pauperis</u> on May 12, 2026, which complied with the court's Order.

To provide access to this court for those who cannot pay the filing fees mandated by RCFC 77.1(c) (2025), the statute at 28 U.S.C. § 1915 (2024) permits a court to allow a plaintiff to file a complaint without payment of fees or security under specific circumstances. Section 1915(a)(1) states that:

> Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action,

> defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1) (alteration added). The statute at 28 U.S.C. § 1915(a)(1) therefore requires a person to submit an affidavit with a statement of all the applicant's assets, and that the affidavit state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress. See id.

The words of 28 U.S.C. § 1915(a)(1), regarding in forma pauperis applications by non-prisoner litigants in federal courts, have been reviewed by a number of courts, which have concluded that Congress did not intend for non-prisoners to be barred from being able to proceed in forma pauperis in federal court.[4] This court agrees that the single use of the word "prisoner" in the language of 28 U.S.C. § 1915(a)(1) was not intended to eliminate a non-prisoner from proceeding in federal court in forma pauperis, provided that the civil litigant can demonstrate appropriate need.

The standard in 28 U.S.C. § 1915(a)(1) for in forma pauperis eligibility is "unable to pay such fees or give security therefor." Id. Determination of what constitutes "unable to pay" or unable to "give security therefor," 28 U.S.C. § 1915(a)(1), and, therefore, whether to allow a plaintiff to proceed in forma pauperis is left to the discretion of the presiding judge, based on the information submitted by the plaintiff. See, e.g., Lewis v. United States, 175 Fed. Cl. 507, 512-13 (2025) ("The court has discretion to grant in forma pauperis status whenever it determines, based on the plaintiff's submitted financial

---

[4] See, e.g., Lister v. Dep't of Treasury, 408 F.3d 1309, 1312 (10th Cir. 2005) ("Section 1915(a) applies to all persons applying for [in forma pauperis] status, and not just to prisoners." (alteration added)); Haynes v. Scott, 116 F.3d 137, 139 (5th Cir. 1997) (noting that "[t]here is no indication in the statute or the legislative history of [§ 1915] that Congress meant to curb [in forma pauperis] suits by nonprisoners." (alterations added)); Floyd v. United States Postal Serv., 105 F.3d 274, 275-76 (6th Cir.), reh'g denied (6th Cir. 1997); see also Owlfeather-Gorbey v. Avery, 119 F.4th 78, 84 (D.C. Cir.), reh'g en banc denied (D.C. Cir. 2024); In re Prison Litigation Reform Act, 105 F.3d 1131, 1134 (6th Cir. 1997) (discussing how to administer in forma pauperis rights to a non-prisoner, thereby acknowledging the rights of non-prisoners to apply for in forma pauperis status); Leonard v. Lacy, 88 F.3d 181, 183 (2d Cir. 1996) (using "sic" following the word "prisoner" in 28 U.S.C. § 1915(a)(1) seemingly to indicate that the use of that word was too narrow); Kaetz v. United States, 158 Fed. Cl. 422, 431 (2022) (citing Hayes v. United States, 71 Fed. Cl. 366, 367 (2006) (holding "the right to petition a federal court to proceed in forma pauperis applies to both prisoners and non-prisoners")), aff'd, No. 2022-1812, 2022 WL 2898954 (Fed. Cir. Oct. 26, 2022); Double Lion Uchet Express Trust v. United States, 153 Fed. Cl. 392, 401 (2021) (citing Hayes v. United States, 71 Fed. Cl. at 366-67), appeal dismissed, No. 2021-1921, 2021 WL 5285939 (Fed. Cir. July 15, 2021), cert. denied, 142 S. Ct. 1210 (2022); Quesada v. United States, 136 Fed. Cl. 635, 644, appeal dismissed, No. 2018-2006, 2018 WL 6163378 (Fed. Cir. Aug. 1, 2018); Smith v. United States, 113 Fed. Cl. 241, 243 (2013); Schagene v. United States, 37 Fed. Cl. 661, 663 (1997). Moreover, 28 U.S.C. § 1915(a)(1) refers to both "person" and "prisoner." The word "person" is used three times in the subsection, while the word "prisoner" is used only once.

information, that the plaintiff is unable to pay the filing fee."); Carley v. United States, 174 Fed. Cl. 234, 237 (2024).

Interpreting an earlier version of the in forma pauperis statute, the United States Supreme Court offered the following guidance:

> We cannot agree with the court below that one must be absolutely destitute to enjoy the benefit of the statute. We think an affidavit is sufficient which states that one cannot because of his poverty "pay or give security for the costs . . . and still be able to provide" himself and dependents "with the necessities of life." To say that no persons are entitled to the statute's benefits until they have sworn to contribute to payment of costs, the last dollar they have or can get, and thus make themselves and their dependents wholly destitute, would be to construe the statute in a way that would throw its beneficiaries into the category of public charges. The public would not be profited if relieved of paying costs of a particular litigation only to have imposed on it the expense of supporting the person thereby made an object of public support. Nor does the result seem more desirable if the effect of this statutory interpretation is to force a litigant to abandon what may be a meritorious claim in order to spare himself complete destitution. We think a construction of the statute achieving such consequences is an inadmissible one.

Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339-40 (1948) (omission in original). More recently, in Pellegrino v. United States, a Judge of the United States Court of Federal Claims stated:

> The threshold to establish the need to proceed in forma pauperis is not high. Fiebelkorn v. United States, 77 Fed. Cl. 59, 62 (2007); see also Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339-40, 69 S. Ct. 85, 93 L. Ed. 43 (1948). "[P]auper status does not require absolute destitution[;] the question is whether the court costs can be paid without undue hardship." Chamberlain v. United States, 655 F. App'x 822, 825 (Fed. Cir. 2016) (quotation marks omitted).

Pellegrino v. United States, 178 Fed Cl. 759, 763 (2025) (alterations in original), aff'd, No. 2026-1215, 2026 WL 1846616 (Fed. Cir. June 26, 2026); see also McKnight v. United States, 177 Fed Cl. 573, 575 (2025); Carley v. United States, 174 Fed. Cl. at 237; McDermott v. United States, 130 Fed. Cl. 412, 414 (2017), aff'd, No. 2017-1790, 2017 WL 4082033 (Fed. Cir. June 13, 2017).

In his May 12, 2026 amended Application to Proceed In Forma Pauperis, plaintiff states that he is unhoused, he is not presently employed, and he has no other regular sources of income, savings, or assets. Plaintiff states that he has $10.00 available in cash, checking, or savings, and has $3,900.00 in credit card debt. Based on the information provided in plaintiff's May 12, 2026 amended Application to Proceed In Forma Pauperis, specifically that plaintiff generates no income, has no valuable assets, and is unable to pay court fees, plaintiff's May 12, 2026 amended Application to Proceed In Forma Pauperis is granted. This becomes a moot point, however, because, as discussed

below, plaintiff's complaint is dismissed pursuant to RCFC 12(b)(1) for lack of subject matter jurisdiction.

**DISCUSSION**

The court recognizes that plaintiff in the above-captioned case is proceeding pro se. When determining whether a complaint filed by a pro se plaintiff is sufficient to invoke review by a court, a pro se plaintiff is entitled to a more liberal construction of the pro se plaintiff's pleadings. See Haines v. Kerner, 404 U.S. 519, 520 (requiring that allegations contained in a pro se complaint be held to "less stringent standards than formal pleadings drafted by lawyers"), reh'g denied, 405 U.S. 948 (1972); see also Erickson v. Pardus, 551 U.S. 89, 94 (2007); Hughes v. Rowe, 449 U.S. 5, 9–10 (1980); Estelle v. Gamble, 429 U.S. 97, 106 (1976), reh'g denied, 429 U.S. 1066 (1977); Matthews v. United States, 750 F.3d 1320, 1322 (Fed. Cir. 2014); Jackson v. United States, 143 Fed. Cl. 242, 245 (2019); Diamond v. United States, 115 Fed. Cl. 516, 524 (2014), aff'd, 603 F. App'x 947 (Fed. Cir.), cert. denied, 575 U.S. 985 (2015). However, "'"[t]here is no duty on the part of the trial court to create a claim which [the plaintiff] has not spelled out in his pleading."'" Lengen v. United States, 100 Fed. Cl. 317, 328 (2011) (alterations in original) (quoting Scogin v. United States, 33 Fed. Cl. 285, 293 (1995) (quoting Clark v. Nat'l Travelers Life Ins. Co., 518 F.2d 1167, 1169 (6th Cir. 1975))); see also Deweese v. United States, 179 Fed. Cl. 683, 686, aff'd, No. 2026-1349, 2026 WL 788207 (Fed. Cir.), cert. denied, No. 25-7328, 2026 WL 1780120 (U.S. Jun. 22, 2026); Bussie v. United States, 96 Fed. Cl. 89, 94, aff'd, 443 F. App'x 542 (Fed. Cir. 2011); Doiban v. United States, 173 Fed. Cl. 527, 537 (2024); Ali-Bey v. United States, 169 Fed. Cl. 729, 733 (2024); Minehan v. United States, 75 Fed. Cl. 249, 253 (2007). "While a pro se plaintiff is held to a less stringent standard than that of a plaintiff represented by an attorney, the pro se plaintiff, nevertheless, bears the burden of establishing the Court's jurisdiction by a preponderance of the evidence." Riles v. United States, 93 Fed. Cl. 163, 165 (2010) (citing Hughes v. Rowe, 449 U.S. at 9; and Taylor v. United States, 303 F.3d 1357, 1359 (Fed. Cir.), reh'g and reh'g en banc denied (Fed. Cir. 2002)); see also Kelley v. Sec'y, U.S. Dep't of Labor, 812 F.2d 1378, 1380 (Fed. Cir. 1987) ("[A] court may not similarly take a liberal view of . . . jurisdictional requirement[s] and set a different rule for pro se litigants only." (alterations and omission added)); Doiban v. United States, 173 Fed. Cl. at 537; Hartman v. United States, 150 Fed. Cl. 794, 796 (2020); Schallmo v. United States, 147 Fed. Cl. 361, 363 (2020); Hale v. United States, 143 Fed. Cl. 180, 184 (2019) ("[E]ven pro se plaintiffs must persuade the court that jurisdictional requirements have been met." (alteration added) (citing Bernard v. United States, 59 Fed. Cl. 497, 499, aff'd, 98 F. App'x 860 (Fed. Cir. 2004))); Golden v. United States, 129 Fed. Cl. 630, 637 (2016); Shelkofsky v. United States, 119 Fed. Cl. 133, 139 (2014) ("[W]hile the court may excuse ambiguities in a pro se plaintiff's complaint, the court 'does not excuse [a complaint's] failures.'" (first alteration added; second alteration in original) (quoting Henke v. United States, 60 F.3d 795, 799 (Fed. Cir. 1995))); Harris v. United States, 113 Fed. Cl. 290, 292 (2013) ("Although plaintiff's pleadings are held to a less stringent standard, such leniency 'with respect to mere formalities does not relieve the burden to meet jurisdictional requirements.'" (quoting Minehan v. United States, 75 Fed. Cl. at 253)).

The court notes that "'subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived.'" Arbaugh v. Y&H Corp., 546 U.S.

500, 514 (2006) (quoting United States v. Cotton, 535 U.S. 625, 630 (2002)). "Subject-matter jurisdiction may be challenged at any time by the parties or by the court sua sponte." Folden v. United States, 379 F.3d 1344, 1354 (citing Fanning, Phillips, Molnar v. West, 160 F.3d 717, 720 (Fed. Cir. 1998)), reh'g and reh'g en banc denied (Fed. Cir. 2004), cert. denied, 545 U.S. 1127 (2005); see also St. Bernard Parish Gov't v. United States, 916 F.3d 987, 992–93 (Fed. Cir. 2019) ("[T]he court must address jurisdictional issues, even sua sponte, whenever those issues come to the court's attention, whether raised by a party or not, and even if the parties affirmatively urge the court to exercise jurisdiction over the case." (alteration added) (citing Foster v. Chatman, 578 U.S. 488, 495 (2016))); Int'l Elec. Tech. Corp. v. Hughes Aircraft Co., 476 F.3d 1329, 1330 (Fed. Cir. 2007); Santini v. United States, 173 Fed. Cl. 724, 726 (2024); Haddad v. United States, 152 Fed. Cl. 1, 16 (2021); Fanelli v. United States, 146 Fed. Cl. 462, 466 (2020).

"The United States, as sovereign, is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." United States v. Sherwood, 312 U.S. 584, 586 (1941) (citations omitted); see also Wolffing v. United States, 144 Fed. Cl. 626, 636 (2019) ("The waiver of [sovereign] immunity 'may not be inferred, but must be unequivocally expressed.'" (alteration added) (quoting United States v. White Mountain Apache Tribe, 537 U.S. 465, 472 (2003))).

The Tucker Act, 28 U.S.C. § 1491, grants jurisdiction to this court as follows:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1) (2024). As interpreted by the United States Supreme Court, the Tucker Act waives sovereign immunity to allow jurisdiction over claims against the United States (1) founded on an express or implied contract with the United States, (2) seeking a refund from a prior payment made to the government, or (3) based on federal constitutional, statutory, or regulatory law mandating compensation by the federal government for damages sustained. See United States v. Navajo Nation, 556 U.S. 287, 289–90 (2009); see also Me. Cmty. Health Options v. United States, 590 U.S. 296, 322 (2020); United States v. Mitchell, 463 U.S. 206, 216 (1983); Sanford Health Plan v. United States, 969 F.3d 1370, 1378 (Fed. Cir. 2020); Alvarado Hosp., LLC v. Price, 868 F.3d 983, 991 (Fed. Cir. 2017); Greenlee Cnty., Ariz. v. United States, 487 F.3d 871, 875 (Fed. Cir.), reh'g and reh'g en banc denied (Fed. Cir. 2007), cert. denied, 552 U.S. 1142 (2008); Palmer v. United States, 168 F.3d 1310, 1314 (Fed. Cir. 1999); McCrory v. United States, 174 Fed. Cl. 311, 313 (2024); Gulley v. United States, 150 Fed. Cl. 405, 411 (2020); Kuntz v. United States, 141 Fed. Cl. 713, 717 (2019). "Not every claim invoking the Constitution, a federal statute, or a regulation is cognizable under the Tucker Act. The claim must be one for money damages against the United States . . . ." United States v. Mitchell, 463 U.S. at 216 (omission added); see also United States v. White Mountain Apache Tribe, 537 U.S. at 472; N.Y. & Presbyterian Hosp. v. United States, 881 F.3d 877, 881 (Fed. Cir. 2018); Smith v. United States, 709 F.3d 1114, 1116 (Fed. Cir.), cert. denied, 571 U.S. 945

(2013); RadioShack Corp. v. United States, 566 F.3d 1358, 1360 (Fed. Cir. 2009); Rick's Mushroom Serv., Inc. v. United States, 521 F.3d 1338, 1343 (Fed. Cir. 2008) ("[P]laintiff must look beyond the Tucker Act to identify a substantive source of law that creates the right to recovery of money damages against the United States." (alteration added)); Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1306 (Fed. Cir. 2008); Olson v. United States, 152 Fed. Cl. 33, 40–41 (2021); Jackson v. United States, 143 Fed. Cl. at 245.

In Ontario Power Generation, Inc. v. United States, the United States Court of Appeals for the Federal Circuit identified three types of monetary claims for which jurisdiction is proper in the United States Court of Federal Claims, stating:

> The underlying monetary claims are of three types . . . . First, claims alleging the existence of a contract between the plaintiff and the government fall within the Tucker Act's waiver . . . . Second, the Tucker Act's waiver encompasses claims where "the plaintiff has paid money over to the Government, directly or in effect, and seeks return of all or part of that sum." Eastport S.S. [Corp. v. United States, 178 Ct. Cl. 599, 605–06,] 372 F.2d [1002,] 1007–08 [(1967)] (describing illegal exaction claims as claims "in which 'the Government has the citizen's money in its pocket'" (quoting Clapp v. United States, 127 Ct. Cl. 505, 117 F. Supp. 576, 580 (1954)) . . . . Third, the Court of Federal Claims has jurisdiction over those claims where "money has not been paid but the plaintiff asserts that he is nevertheless entitled to a payment from the treasury." Eastport S.S. [Corp. v. United States], 372 F.2d at 1007. Claims in this third category, where no payment has been made to the government, either directly or in effect, require that the "particular provision of law relied upon grants the claimant, expressly or by implication, a right to be paid a certain sum." Id.; see also [United States v. ] Testan, 424 U.S. [392,] 401–02 [(1976)] ("Where the United States is the defendant and the plaintiff is not suing for money improperly exacted or retained, the basis of the federal claim—whether it be the Constitution, a statute, or a regulation—does not create a cause of action for money damages unless, as the Court of Claims has stated, that basis 'in itself . . . can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained.'" (quoting Eastport S.S. [Corp. v. United States], 372 F.2d at 1009)). This category is commonly referred to as claims brought under a "money-mandating" statute.

Ont. Power Generation, Inc. v. United States, 369 F.3d 1298, 1301 (Fed. Cir. 2004) (alterations added; fourth omission in original); see also Samish Indian Nation v. United States, 419 F.3d 1355, 1364 (Fed. Cir. 2005); Twp. of Saddle Brook v. United States, 104 Fed. Cl. 101, 106 (2012).

To prove that a statute or regulation is money-mandating, a plaintiff must demonstrate that an independent source of substantive law relied upon "need not explicitly provide that the right or duty it creates is enforceable through a suit for damages, but it triggers liability only if it 'can fairly be interpreted as mandating compensation by the Federal Government.'" United States v. Navajo Nation, 556 U.S. at 290 (emphasis in

original) (quoting United States v. Testan, 424 U.S. at 400); see also United States v. White Mountain Apache Tribe, 537 U.S. at 472; United States v. Mitchell, 463 U.S. at 217; Cotter Corp., N.S.L. v. United States, 127 F.4th 1353, 1366 (Fed. Cir. 2025); Blueport Co., LLC v. United States, 533 F.3d 1374, 1383 (Fed. Cir. 2008), cert. denied, 555 U.S. 1153 (2009); Medrano v. United States, 159 Fed. Cl. 537, 542, supplemented, 161 Fed. Cl. 207 (2022); Szuggar v. United States, 145 Fed. Cl. 331, 335 (2019). The source of law granting monetary relief must be distinct from the Tucker Act itself. See United States v. Navajo Nation, 556 U.S. at 290 (The Tucker Act does not create "substantive rights; [it is] simply [a] jurisdictional provision[ ] that operate[s] to waive sovereign immunity for claims premised on other sources of law (e.g., statutes or contracts)." (alterations added; citations omitted)); see also Me. Cmty. Health Options v. United States, 590 U.S. at 322. "'If the statute is not money-mandating, the Court of Federal Claims lacks jurisdiction, and the dismissal should be for lack of subject matter jurisdiction.'" Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d at 1308 (quoting Greenlee Cnty., Ariz. v. United States, 487 F.3d at 876); see also N.Y. & Presbyterian Hosp. v. United States, 881 F.3d at 881; Fisher v. United States, 402 F.3d 1167, 1173 (Fed. Cir. 2005) (noting that the absence of a money-mandating source is "fatal to the court's jurisdiction under the Tucker Act"); Olson v. United States, 152 Fed. Cl. at 41; Downey v. United States, 147 Fed. Cl. 171, 175 (2020) ("And so, to pursue a substantive right against the United States under the Tucker Act, a plaintiff must identify and plead a money-mandating constitutional provision, statute, or regulation; an express or implied contract with the United States; or an illegal exaction of money by the United States." (citations omitted)); Jackson v. United States, 143 Fed. Cl. at 245 ("If the claim is not based on a 'money-mandating' source of law, then it lies beyond the jurisdiction of this Court[.]" (alteration added) (citing Metz v. United States, 466 F.3d 991, 997 (Fed. Cir. 2006))).

"[T]he determination of jurisdiction is based only on the allegations in the plaintiff's 'well-pleaded complaint[.]'" Royal Canin U. S. A., Inc. v. Wullschleger, 604 U.S. 22, 26 (2025) (alterations added) (quoting Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 9–10 (1983)). "Determination of jurisdiction starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed." Holley v. United States, 124 F.3d 1462, 1465 (Fed. Cir.) (citing Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. at 9–10), reh'g denied (Fed. Cir. 1997); see also Klamath Tribe Claims Comm. v. United States, 97 Fed. Cl. 203, 208 (2011); Gonzalez-McCaulley Inv. Grp., Inc. v. United States, 93 Fed. Cl. 710, 713 (2010). A plaintiff need only state in the complaint "a short and plain statement of the grounds for the court's jurisdiction," and "a short and plain statement of the claim showing that the pleader is entitled to relief." RCFC 8(a)(1), (2) (2025); Fed. R. Civ. P. 8(a)(1), (2) (2026); see also Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–57, 570 (2007)). To properly state a claim for relief, "[c]onclusory allegations of law and unwarranted inferences of fact do not suffice to support a claim." Bradley v. Chiron Corp., 136 F.3d 1317, 1322 (Fed. Cir. 1998) (alteration added); see also McZeal v. Sprint Nextel Corp., 501 F.3d 1354, 1363 n.9 (Fed. Cir. 2007) (Dyk, J., concurring in part, dissenting in part) (quoting C. Wright and A. Miller, Federal Practice and Procedure § 1286 (3d ed. 2004)). "A plaintiff's factual allegations must 'raise a right to relief above the speculative level' and cross 'the line from conceivable to

plausible.'" Three S Consulting v. United States, 104 Fed. Cl. 510, 523 (2012) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 555), aff'd, 562 F. App'x 964 (Fed. Cir.), reh'g denied (Fed. Cir. 2014); see also Hale v. United States, 143 Fed. Cl. at 190. As stated in Ashcroft v. Iqbal, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' 550 U.S. at 555, 127 S. Ct. 1955. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Ashcroft v. Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 555 (alteration in Bell Atl. Corp. v. Twombly)).

As reflected above, in defendant's motion to dismiss, defendant asserts that plaintiff has failed to identify any statute or other basis for subject matter jurisdiction for this court to review plaintiff's claims. In the Civil Cover Sheet attached to his complaint, plaintiff appears to direct his complaint towards the Department of the Treasury. Plaintiff, however, does not allege any acts by the Department of the Treasury that provide a basis for his claim, specifically regarding actions for plaintiff allegedly being "dragged into" protective custody, being "followed, watched and surveilled," having his "retirement taken," being "thrown in a mental facility," or being "made homeless." Nor does plaintiff explain how his alleged "protective custody" was wrongful, or how these events entitle him to recover $783,050,000.00.

Plaintiff's complaint not only fails to identify a statutory "money mandating source" upon which to base his claim for damages, but also fails to name any specific Constitutional provision, Act of Congress, regulation of an executive department, or express or implied contract plaintiff entered into with the United States that would grant the United States Court of Federal Claims jurisdiction over plaintiff's claims, as provided by the Tucker Act. See 28 U.S.C. § 1491(a)(1); see also Sanford Health Plan v. United States, 969 F.3d at 1378; Alvarado Hosp., LLC v. Price, 868 F.3d at 991.

Based on his complaint, plaintiff's allegations include that he was committed to mental institutions at various times over the past 45 years of his life, without specifically attributing responsibility to the United States or to any individuals associated with the federal government. In the United States Court of Federal Claims, the United States is the only proper defendant. To the extent plaintiff's allegations also raise claims against state officials or individuals, this court lacks jurisdiction over such allegations. Pursuant to RCFC 10(a), all pleadings in the United States Court of Federal Claims must "name all the parties, with the United States designated as the party defendant." RCFC 10(a) (2025) (internal reference omitted); see also 28 U.S.C. § 1491(a)(1). The United States Supreme Court has indicated, for suits filed in the United States Court of Federal Claims and its predecessors, "if the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court." United States v. Sherwood, 312 U.S. at 588; see also Cox v. United States, 105 Fed. Cl. 213, 216, appeal dismissed (Fed. Cir. 2012); Stephens v. United States, 166 Fed. Cl. 598, 604 (2023) ("Because Plaintiff's Complaint plainly seek[s] relief against an entity or entities other than the United States, this Court lacks jurisdiction pursuant to 28 U.S.C. § 1491(a)." (alteration added) (citing United States v. Sherwood, 312 U.S. at 588)); Redd v. United States, 147 Fed. Cl. 602, 607 (2020); Stephenson v. United States, 58 Fed. Cl. 186, 190 (2003) ("[T]he only proper defendant for any matter before this court is the United States, not its officers, nor any other individual.") (alteration added; emphasis in original). Because plaintiff's

complaint does not identify which party, or parties, placed him in custody and does not identify the United States or its employees as responsible for plaintiff's claims, this court lacks jurisdiction to review plaintiff's claims.

Plaintiff's complaint also states: "I want the bogus protective custody to stop." Plaintiff's imprecise demands make it difficult to discern the specific nature of the custody and by which entity plaintiff has been held. As described above, if the United States is not responsible for the protective custody, this court cannot review plaintiff's claims. See United States v. Sherwood, 312 U.S. at 588 ("[I]f the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court." (alteration added)). To the extent that plaintiff is requesting injunctive or declaratory relief, this court lacks jurisdiction to grant either form of relief in the above-captioned case. The United States Supreme Court has stated that the United States Court of Federal Claims "has no general power to provide equitable relief against the Government or its officers." United States v. Tohono O'Odham Nation, 563 U.S. 307, 313, (2011); see also United States v. King, 395 U.S. 1, 5 (1969) ("[i]n the absence of an express grant of jurisdiction from Congress, we decline to assume that the Court of Claims has been given the authority to issue declaratory judgments." (alteration added)).

The United States Court of Appeals for the Federal Circuit also has explained that the United States Court of Federal Claims does not have general equity jurisdiction except in limited circumstances to grant injunctive relief, and not including the type of relief plaintiff is requesting in the above-captioned case. See Massie v. United States, 226 F.3d 1318, 1321 (Fed. Cir. 2000) ("Except in strictly limited circumstances, see 28 U.S.C. § 1491(b)(2), there is no provision in the Tucker Act authorizing the Court of Federal Claims to order equitable relief." (citing United States v. King. 395 U.S. at 4, ("cases seeking relief other than money damages from the court of claims have never been 'within its jurisdiction'"); see also Brown v. United States, 105 F.3d 621, 624 (Fed. Cir. 1997) (concluding that an appellant's demand for declaratory or injunctive relief regarding alleged tortious acts by the government was "outside the jurisdiction of the Court of Federal Claims" and that "[t]he Tucker Act does not provide independent jurisdiction over such claims for equitable relief" (alteration added)). The United States Court of Appeals for the Federal Circuit also has stated:

> The Court of Federal Claims has never been granted general authority to issue declaratory judgments, and to hold that the Court of Federal Claims may issue a declaratory judgment in this case, unrelated to any money claim pending before it, would effectively override Congress's decision not to make the Declaratory Judgment Act applicable to the Court of Federal Claims.

Nat'l Air Traffic Controllers Ass'n v. United States, 160 F.3d 714, 716-17 (Fed. Cir. 1998); see also Placeway Constr. Corp. v. United States, 920 F.2d 903, 906 (Fed. Cir. 1990); Polinski v. United States, 177 Fed. Cl. 782, 785 (2025) ("The [United States] Court [of Federal Claims] can only grant equitable relief in narrow circumstances that do not exist here." (alterations added)) (citing United States v. Tohono O'Odham Nation, 563 U.S. at 313); Proctor v. United States, 177 Fed. Cl. 360, 370 (2025) (stating that the United States Court of Federal Claims "may only grant declaratory relief, 'under limited circumstances,'

such as in bid protests or 'where the declaratory relief requested is "an incident of and collateral to a money judgement"'" (quoting Stephanatos v. United States, 81 Fed. Cl. 440, 445 (2008) (quoting James v. Caldera, 159 F.3d 573, 580-81 (Fed. Cir. 1998)), aff'd, 306 F. App'x 560 (Fed. Cir.), reh'g and reh'g en banc denied, (Fed. Cir. 2009))); Westlands Water Dist. v. United States, 109 Fed. Cl. 177, 191 (2013) ("As a court of limited jurisdiction, the Court of Federal Claims cannot issue declaratory judgments without express statutory authorization."); Halim v. United States, 106 Fed. Cl. 677, 684-85 (2012); Smalls v. United States, 87 Fed. Cl. 300, 307 (2009); Voisin v. United States, 80 Fed. Cl. 164, 177 (2008) ("It is well-established that the Court of Federal Claims generally does not have the authority to entertain declaratory judgment requests."). As a result, this court lacks jurisdiction to provide the vague, injunctive or declaratory relief plaintiff requests in his complaint in the above-captioned case.

## CONCLUSION

In sum, this court lacks jurisdiction over any of the claims plaintiff tries to assert in his complaint, as no source of jurisdiction to review plaintiff's allegations in this court has been identified. Although plaintiff's request to proceed in forma pauperis was **GRANTED**, defendant's motion to dismiss plaintiff's case is **GRANTED** and plaintiff's complaint is **DISMISSED**. The Clerk's Office is directed to enter **JUDGMENT** consistent with this Order.

**IT IS SO ORDERED.**

s/Marian Blank Horn
**MARIAN BLANK HORN**
**Judge**